UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN EASLEY,

                Plaintiff,                Case No. 1:11-cv-299

v.                                          Honorable Robert J. Jonker

RICH DIETRICH,

                Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Lambert. The Court also will dismiss Plaintiff's claims for monetary damages against Defendants Church and Krause. The Court will serve Plaintiff's claims for monetary damages and injunctive relief against Defendants Dietrich and McCulloch and only Plaintiff's claims for injunctive relief against Defendants Church and Krause.

**Factual Allegation**

Plaintiff is incarcerated in the Ingham County Jail. In his *pro se* complaint, he sues Police Officers Rich Dietrich and Darryl McCulloch; Melinda Lambert; Assistant Prosecutor Russel Church and Ingham County Judge Amy Krause. Plaintiff claims that Defendants subjected him to a false arrest and malicious prosecution. His complaint consists of the following factual allegations (verbatim):

> (OFC) Officer Rich Dietrich arrested me illegally 4612 South Martin Luther Kimg Apt #15 Aug 17-10 without reasonable cause, no call to this apt. number 8-17-10. He use malice statements of race nergger humiliate me in from of witness and neighborhood. He refuse to show up in court Nov. 23-10 and tell the truth He send a new police officer to tell lie's that he arrested me Aug. 17-2010 He arrested me to persecuted me and conspire with Russel Church P-70786 Prosecutor Attorney and Judge Krause P-4113 They gave me another false record.
>
> ***
>
> I John Earl Easley wouls also like to sue Officer Daryl McCulloch, Lansing Police Officer, Witness, on Police Report. Also Melissa Lambert 4612 South Martin Luther King Street Lansing Michigan. Witness who lied seeing me with Blanche Hayward and I had to go to jail 15 days for breaking no contacted order I also would like to sue assist Prosecutor Russel Church P-70786 who told me he was retaliating for case's that were dismiss in Jackson Michigan 49201 zip code around 2007. Plus 2009 Judge Amy Krause P-4113 was conspiring with him because she dismisss domestic violence case 2009 against same Plaintiff. He also made race's slur in the court hall-ways Nov-23-2010.

(Compl. Page ID##3-4.) For relief, Plaintiff seeks immediate release from jail, to have his criminal case expunged and monetary damages of $200,000. If his criminal case is successfully expunged, Plaintiff requests damages of only $100,000.

**Standard of Review**

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

## Discussion

Plaintiff sues Defendant Lambert, a private citizen, because she acted as witness in criminal proceedings against him. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). In order for a

- 3 -

private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Individuals who report crimes and testify as witnesses are not state actors for the purpose of § 1983 claims. *See Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) ("Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.'"). Because Plaintiff cannot maintain an action against Defendant Lambert under §1983, the Court will dismiss her from this action.

Plaintiff brings claims of malicious prosecution, conspiracy and retaliation against Defendants Church and Krause arising from the criminal proceedings that followed his arrest by Defendant Dietrich. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.*

at 12. Plaintiff's allegations against Judge Krause clearly fail to implicate either of the exceptions to judicial immunity. Thus, Judge Krause is entitled to absolute judicial immunity.

Defendant Church also entitled to absolute immunity for his actions in bringing criminal charges against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role of an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Obviously, bringing criminal charges against Plaintiff is part of the prosecutor's role as an advocate. Accordingly, Defendant Church is entitled to immunity. Because Defendants Church and Krause clearly are immune from liability in this case, Plaintiff may not maintain an action for monetary damages against him. 28 U.S.C. § 1915(e)(2)(B)(iii).

At this stage of the proceedings, the Court finds that Plaintiff's claims for monetary damages and injunctive relief against Defendants Deitrch and McCulloch, and Plaintiff's claims for injunctive relief against Defendants Church and Krause, are not subject to dismissal under 28 U.S.C. § 1915(e)(2) or § 1915A.

**<u>Conclusion</u>**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action against Defendant Lambert will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court also will dismiss Plaintiff's claims for monetary damages against Defendants Church and Krause. The Court will serve Plaintiff's claims for monetary damages and injunctive relief against Defendants Dietrich and McCulloch and only Plaintiff's claims for injunctive relief against Defendants Church and Krause.

An Order consistent with this Opinion will be entered.


Dated:    May 12, 2011            /s/ Robert J. Jonker
                                               ROBERT J. JONKER
                                               UNITED STATES DISTRICT JUDGE