UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JOHN EARL EASLEY,

                    Plaintiff,                    Case No. 1:11-cv-299

v.                                              Hon. Robert J. Jonker

RICH DIETRICH, *et al.*,

                    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by John Earl Easley, a former inmate at the Ingham County Jail, pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendant Judge Amy Krause's motion to dismiss (docket no. 24); defendant Russel Church's motion to dismiss (docket no. 31); and defendant Rich Dietrich and Daryl McCulloch's motion for summary judgment (docket no. 35).

    **I.**      **Plaintiffs' complaint**

The court summarized plaintiff's complaint and dismissed some of plaintiff's claims in its opinion screening the complaint pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), providing in pertinent part as follows:

> Plaintiff is incarcerated at the Ingham County Jail. In his pro se complaint, he sues Police Officers Rich Dietrich and Darryl McCulloch; Melinda Lambewrt; Assistant Prosecutor Russel Church and Ingham County Judge Amy Krause. Plaintiff claims that Defendants subjected him to a false arrest and malicious prosecution. His complaint consists of the following allegations (verbatim):

> (OFC) Officer Rich Dietrich arrested me illegally 4612 South Martin Luther Kimg Apt #15 Aug 17-10 without reasonable cause, no call to this apt. number 8-17- 10. He use malice statements of race nergger humiliate me in from of witness and neighborhood. He

refuse to show up in court Nov. 23-10 and tell the truth  He send a new police officer to tell lie's that he arrested me Aug. 17-2010 He arrested me to persecuted me and conspire with Russel Church P-70786 Prosecutor Attorney and Judge Krause P-4113 They gave me another false record.

* * *

I John Earl Easley would also like to sue Officer Daryl McCulloch, Lansing Police Officer, Witness, on Police Report. Also Melissa Lambert 4612 South Martin Luther King Street Lansing Michigan.  Witness who lied seeing me with Blanche Hayward and I had to go to jail 15 days for breaking no contacted order I also would like to sue assist Prosecutor Russel Church P-70786 who told me he was retaliating for case's that were dismiss in Jackson Michigan 49201 zip code around 2007.  Plus 2009 Judge Amy Krause P-4113 was conspiring with him because she dismiss domestic violence case 2009 against same Plaintiff.  He also made race's slur in the court hall-ways Nov-23-2010.

(Compl. Page ID## 3-4.)  For relief, Plaintiff seeks immediate release from jail, to have his criminal case expunged and monetary damges of $200,000.  If his criminal case is successfully expunged, Plaintiff requests damages of only $100,000.

* * *

Plaintiff brings claims of malicious prosecution, conspiracy and retaliation against Defendants Church and Krause arising from the criminal proceedings that followed his arrest by Defendant Dietrich.  Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity.  *Mireles*, 502 U.S. at 11.  Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.  Plaintiff's allegations against Judge Krause clearly fail to implicate either of the exceptions to judicial immunity.  Thus, Judge Krause is entitled to absolute judicial immunity.

2

Defendant Church also entitled to absolute immunity for his actions in bringing criminal charges against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role of an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Obviously, bringing criminal charges against Plaintiff is part of the prosecutor's role as an advocate. Accordingly, Defendant Church is entitled to immunity. Because Defendants Church and Krause clearly are immune from liability in this case, Plaintiff may not maintain an action for monetary damages against him [sic]. 28 U.S.C. § 1915(e)(2)(B)(iii).

At this stage of the proceedings, the Court finds that Plaintiff's claims for monetary damages and injunctive relief against Defendants Deitrch [sic] and McCulloch, and Plaintiff's claims for injunctive relief against Defendants Church and Krause, are not subject to dismissal under 28 U.S.C. § 1915(e)(2) or § 1915A.

Opinion at pp. 4-6 (docket no. 11).

## II. Defendants Judge Krause and Mr. Church

### A. Legal Standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim,

a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Defendants Judge Krause[1] and Mr. Church have moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) seeks to dismiss a complaint for "failure to state a claim upon which relief can be granted." A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). A plaintiff's obligation to provide the defendants with a statement of his claim requires him to provide "more than labels and conclusions." *Id.* Rather,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

In resolving motions to dismiss, the court has a duty to construe a *pro se* complaint liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). However, there are limits to the court's "liberal construction" of a *pro se*

---

[1] The court takes judicial notice that Judge Krause was appointed to the Michigan Court of Appeals in 2010 and is currently a judge on that court.

complaint.  For example, the court cannot rewrite a complaint to include claims that were never presented, "conjure up unpled allegations" or "create a claim."  *Rogers v. Detroit Police Dept.*, 595 F. Supp.2d 757, 766 (E.D. Mich. 2009). To hold otherwise would require the district court to explore all potential claims of a *pro se* plaintiff and thrust the court into the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.  *Id.*

> **B.     Plaintiff's claims against Judge Krause and Mr. Church are barred pursuant to the *Rooker-Feldman* Doctrine**

Plaintiff's complaint suggests that he was subject to a false arrest and that defendants Judge Krause (the trial judge) and Mr. Church (the prosecutor) engaged in a conspiracy to give him a "false record".  Plaintiff's complaint omits allegations regarding the conviction which lies at the heart of this lawsuit,  On October 14, 2010, plaintiff was found guilty of domestic violence, second offense, M.C.L. § 750.81(3), and sentenced to 270 days in jail, a $100.00 fine and court costs.  *See People v. Easley*, No. 10-04749 SM (54-A District Court) (Misdemeanor Complaint and Judgment of Sentence) (docket no. 35-4).[2]  Plaintiff's remaining claims for injunctive relief against Judge Krause and Mr. Church seek to expunge this conviction.  Under these circumstances, plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine arose from two Supreme Court decisions interpreting U.S.C. § 1257(a), a statute which "is designed to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking a review of a state-court decision."  *Kovacic v. Cuyahoga County Department of Children and Family Services*, 606 F.3d 301, 308 (6th Cir. 2010).  Application of the *Rooker-Feldman* doctrine "is confined to cases of the

---

[2] A copy of the state court judgment was filed in support of defendant Dietrich and McCulloch's motion for summary judgment.

kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) (internal quotation marks omitted). "This is true regardless of whether the party challenges the validity of the state court judgment on constitutional grounds." *Id.*

Here, plaintiff is seeking to have this court review and overturn the October 14, 2010 Judgment of Sentence entered by the 54-A District Court. The "source" of plaintiff's injury is this state court judgment. There is no evidence that plaintiff appealed this adverse decision. Plaintiff's federal lawsuit appears to be an attempt to make an "end-run" around the Michigan state courts by seeking direct federal review of that court's order, the type of review prohibited by the *Rooker-Feldman* doctrine. Plaintiff's allegation that Judge Krause and Mr. Church violated his federal constitutional rights during the course of the state proceedings does not change this result. *See, e.g., Coleman v. Governor of Michigan*, 413 Fed. Appx. 866, 872 (6th Cir. 2011) (plaintiff's attempt to have federal district court review the state circuit court's application of a state statute to the plaintiff "would amount to an appellate review of the state court's decision on this matter" in violation of the *Rooker-Feldman* doctrine; the plaintiff's proper recourse for a constitutional challenge to the state court's decision "must be [found in] the Michigan state court system and ultimately the Supreme Court of the United States"); *Bush v. Director of Meigs County Ohio, CSEA*, No. 2:08-cv-537, 2009

WL 891740 at *3 (March 30, 2009) (where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim in federal district court pursuant to § 1983); *Blackburn v. Jansen*, 241 F.Supp.2d 1047, 1049 fn. 2 (D.Neb. 2003) (after noting that federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional" (quoting *Feldman*, 460 U.S. at 486), the district court found that "insofar as the plaintiff seeks in this case to challenge his conviction for a domestic-violence misdemeanor, the 'Rooker-Feldman doctrine' bars this court from correcting a state court judgment, and no relief is available in this court to do so.").

Plaintiff's claim against Judge Krause and Mr. Church, seeking injunctive relief from these defendants to overturn the state court's judgment and "expunge" his domestic violence conviction, should be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine.

### III.     Defendants Dietrich and McCulloch's motion for summary judgment

### A.     Legal standard

Plaintiff's claims against the remaining two defendants, police officers Dietrich and McCulloch, appear to be for a false arrest in violation of his Fourth Amendment rights. These two defendants have moved for summary judgment pursuant to Fed. Rules Civ. Proc. 56. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the burden of proof in deciding a motion for summary judgment:

The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  However, the court is not bound to blindly adopt a non-moving party's version of the facts.  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B.     Plaintiff's Fourth Amendment claim for false arrest

### 1.     Plaintiff's claim for damages

Plaintiff's false arrest claim fails because he was subsequently convicted of charge arising from his arrest.  "A plaintiff bringing a constitutional claim of false arrest under the Fourth Amendment must show that there was not probable cause for the arrest." *Stemler v. City of Florence*, 126 F.3d 856, 871 (6th Cir. 1997).  However, this claim cannot stand if the plaintiff is convicted after the arrest.  Such a result is precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck*, 512 U.S. at 486-87 (footnote omitted). This court has previously held that an unlawful arrest claim brought pursuant to  § 1983, like plaintiff's, is subject to the *Heck* bar when the plaintiff is subsequently convicted:

> Plaintiff's unlawful arrest claim also implies that Plaintiff's state-court conviction and sentence were invalid, and, thus, is barred by *Heck*.  *See Schreiber v. Moe*, 445 F.Supp.2d 799, 812-13 (W.D.Mich.2006) (a finding that an officer lacked probable cause to arrest the plaintiff implies the invalidity of the misdemeanor conviction and is barred by *Heck* because it undermines the basis for the misdemeanor charge); *see also DiFoggi v. Harp*, No. 2:07-cv-73 (W.D.Mich. Apr. 22, 2008) (if the plaintiff prevailed on his claim that the arrest violated his Fourth Amendment rights, it would imply that Plaintiff's state court sentence was invalid); *Barton v. Priest*, No. 05-73415, 2008 WL 4372637, at *4 (E.D.Mich. Sept.19, 2008) (finding plaintiff's false arrest and illegal imprisonment claims are barred by *Heck* ). Accordingly, Plaintiff's false arrest claim is *Heck*-barred.

*Richards v. Kent County Sheriff's Department*, No. 1:09-cv-748, 2009 WL 3837192 at *4 (W.D. Mich. Nov. 16, 2009).

The court's rationale expressed in *Richards*, *Schreiber*, *DiFoggi* and *Barton* is applicable to this case. After his arrest, plaintiff was charged with domestic violence and convicted of that crime. Because plaintiff's false arrest claim implies the invalidity of his state-court conviction and sentence, his false arrest claim seeking damages is barred by *Heck*. Accordingly, Officers Dietrich and McCulloch are entitled to summary judgment on this claim.

### 2.   Plaintiff's claim for injunctive relief

Based on plaintiff's cryptic complaint, the only injunctive relief he seeks is against Officers Dietrich and McCulloch directing these officers to expunge his conviction. Plaintiff seeks relief that is not available. Under Michigan law, the procedure to set aside ("expunge") a conviction is set forth in M.C.L. § 780.621 and is commenced by the filing of an application to set aside the conviction in the convicting court. The decision to grant or deny an application under M.C.L. § 780.621 is within the trial court's discretion. *People v. Van Heck*, 252 Mich. App. 207, 210 fn. 3, 651 N.W.2d 174 (2002). Officers Dietrich and McCulloch are not authorized to expunge plaintiff's conviction. Accordingly, they are entitled to summary judgment to the extent that plaintiff seeks this injunctive relief from them as parties.

### C.   Plaintiff's Fourth Amendment claim for malicious prosecution

The Sixth Circuit has recognized a Fourth Amendment claim for malicious prosecution. *See generally, Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006); *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003). This type of claim encompasses a wrongful investigation, prosecution, conviction and incarceration. *Id.* The Sixth Circuit, however, has not

10

determined the elements of this constitutional violation. *See Thacker*, 328 F.3d at 259 ("[a]lthough this Court has yet to resolve the elements of a federal malicious prosecution claim, it is clear that a plaintiff must show, at a minimum, that there was no probable cause to justify [his] arrest and prosecution)" (internal quotation marks omitted). In *Miller v. Sanilac County*, 606 F.3d 240, 247-48 (6th Cir. 2010), the Sixth Circuit "affirmed without deciding" the district court's determination that state law was the proper standard to be used in deciding a malicious prosecution claim under § 1983. The Sixth Circuit relied on the elements of malicious prosecution as set forth in *Walsh v. Taylor*, 263 Mich. App. 618, 632-33, 689 N.W.2d 506 (2004):

> In maintaining a claim of malicious prosecution, a plaintiff bears the burden of proving that (1) the defendant has initiated a criminal prosecution against him, (2) the criminal proceedings terminated in his favor, (3) the private person who instituted or maintained the prosecution lacked probable cause for his actions, and (4) the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice.

*Walsh*, 263 Mich. App. at 632-33.

Although the Sixth Circuit has not explicitly adopted the elements of malicious prosecution as outlined in *Miller*, the tort of malicious prosecution, as that tort is understood in our jurisprudence, requires a plaintiff to demonstrate that the criminal proceedings terminated in his favor. *See, e.g., Theriot v. Wayne County Prosecutor*, No. 11-13413, 2011 WL 3799661 at *2 (Aug. 29, 2011) (noting that a Fourth Amendment claim for malicious prosecution under § 1983 does not exist unless the underlying criminal case is terminated in the plaintiff's favor) (citing *Miller*, 606 F.3d at 247). In this regard, the Supreme Court looked to the tort of malicious prosecution and its requirement of a favorable termination as the "model" for the *Heck* bar to § 1983 actions. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007). *See also, Heck*, 512 U.S. at 484-85 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal

11

proceeding in favor of the accused . . .  We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution").  Plaintiff has neither alleged nor demonstrated that the criminal proceedings were terminated in his favor. Therefore, defendants are entitled to summary judgment on his claim of malicious prosecution.

### IV.    Recommendation

For these reasons, I respectfully recommend that defendants' motions to dismiss and for summary judgment (docket nos. 24, 31 and 35) be **GRANTED** and that this action be **TERMINATED**.

Dated:  February 13, 2012                    /s/ Hugh W. Brenneman, Jr.
                                             HUGH W. BRENNEMAN, JR.
                                             United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).